IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPETITIVE RANGE SOLUTIONS, LLC, | : |
| Plaintiff | : NO. |
| vs. | : JURY TRIAL DEMANDED |
| JAMES SECHRIST | : |
| Defendant | : |

## COMPLAINT

Plaintiff, Competitive Range Solutions, LLC, by and through its attorneys, James J. Scanlon, Esq. and Ridley, Chuff, Kosierowski & Scanlon, P.C., complain of the Defendant, James Sechrist (the "Defendant"), alleging as follows:

## THE PARTIES

1. The Plaintiff, Competitive Range Solutions, is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business located at 2405 N. Green Mount Rd., Suite 560, O'Fallon, Illinois 62269.

2. The Defendant, James Sechrist, is an adult individual with a residential address at 205 West High Street, Milford, Pennsylvania 18337.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because Competitive Range Solutions, LLC is a resident of a different state from James Sechrist and because the value of the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) since a substantial part of the events or omissions giving rise to the claims of the Plaintiff occurred in this district.

## NATURE OF THE CASE

5. This action seeks compensatory and punitive damages, attorneys' fees and costs, which arise from the Defendant's defamatory statements made to the United States Department of Transportation and the Department of Veteran's Affairs concerning the Plaintiff's alleged false misrepresentation of size as a "Service-Disabled Veteran Owned Small Business" designee. The Plaintiff also alleges that the Defendant's defamation of the Plaintiff interfered with its existing and prospective business relations with the federal government and other entities due to the Defendant's reckless disregard for the truth in making such statements and that the Defendant's statements were made with actual malice.

## STATEMENT OF FACTS

6. Competitive Range Solutions, LLC ("CRS") is an information technology solutions business that was started in 2011 by an individual named Noah Vasquez.

7. Mr. Vasquez created CRS after serving in the United States Air Force in "Operation Enduring Freedom" stationed in Baghdad, Iraq and presently serves as the company's Chief Executive Officer.

8. In 2008, Mr. Vasquez retired from the Air Force as a decorated veteran with service related disabilities. Specifically, Mr. Vasquez is a "service-disabled veteran" as that term is defined in 13 C.F.R. § 125.11 and qualifies for ownership in the Service-Disabled Veteran-Owned Small Business ("SDVOSB") Program in 13 C.F.R. § 125.11 *et seq*.

9. Subsequent to Mr. Vasquez's military service, he was employed by the United States Department of Defense as a Contracting Officer.

10. In that capacity, Mr. Vasquez procured information technology and communications capabilities on behalf of the United States Government to support the executive branch of the government, military services and combatant commanders, as well as any individual or system contributing to the defense of the United States.

11. Based upon his experiences working with the federal government in information and communication technology and federal government contracting, Mr. Vasquez created CRS which provides mission support and technology solutions to clients.

12. CRS is a mission partner that serves state, local, and federal government agencies throughout the United States providing each client with services in Acquisition and Program Management as well as Technology Solutions and support.

13. In 2013, in accordance with the regulations at 13 C.F.R. § 124 *et seq.* CRS was accepted into the 8(a) Business Development Program by the U.S. Small Business Administration ("SBA"). Certification in the SBA's 8(a) Program is afforded to businesses owned and controlled by economically and socially disadvantaged individuals and qualifies such businesses for set-aside contract, sole source contracts, and other business development resources of the SBA and federal government.

14. CRS' 8(a) certification permits government agencies to contract with CRS directly using sole-source acquisition. In addition, pursuant to 13 C.F.R. §§ 121.103 and 124.520, CRS's 8(a) certification permits CRS to form a Joint Venture arrangement with an SBA approved Mentor under the SBA's Mentor

Protégé Program. CRS applied for the SBA's Mentor Protégé Program and was approved on November 17, 2014.

15. On October 29, 2014, a Joint Venture limited liability company by and between Competitive Range Solutions, LLC (as Protégé) and Veteran Enterprise Technology Solutions, Inc. (CRS's SBA-approved Mentor) was formed. The name of this Joint Venture is Competitive VETS, LLC ("CVETS").

16. On January 28, 2015, the United States Department of Veteran Affairs Center for Veteran's Enterprise certified CVETS as Certified Service-Disabled Veteran-Owned Small Business pursuant to the regulations governing Service-Disabled Veteran-Owned Small Businesses who do business with the VA under 38 C.F.R. § 74 *et seq.*

17. On June 25, 2015, the CVETS Joint Venture was approved by the SBA, which enabled the Joint Venture to qualify for 8(a) contract awards pursuant to the regulations at 13 C.F.R. §§ 121 and 124.

18. Prior to qualifying as an 8(a) Certified Business, a business must qualify as a "small business concern" in accordance with the Code of Federal Regulations and pursuant to 13 C.F.R. § 121.101(a), "[s]ize standards have been established for types of economic activity, or industry, generally under the North American Industry Classification System." 13 C.F.R. § 121.101(a)

19. On July 20, 2015, CRS via CVETS pursued a contract with the Federal Aviation Administration that was set aside for Service Disabled Veteran Owned Small Businesses valued at $24,723,375.70.

20. The contract opportunity was posted on the Federal Aviation Administration's contract opportunities website and read: SCREENING INFORAMTION REQUEST (SIR) DTFAWA-15-R-00003.

21. CRS submitted its bid for the federal contract on July 20, 2015.

22. Shortly after CRS submitted its bid, the Defendant began contacting the United States Department of Transportation and the Department of Veteran's Affairs to communicate inflammatory, defamatory and false allegations and information to the federal government concerning CRS and the Joint Venture managed by CRS alleging false representation of size as a "Service Disabled Veteran Owned Small Business" designation.

23. The Defendant submitted the following emails to the U.S. Department of Veteran's Affairs:

    (1)    <u>February 15, 2016</u>:

> This JV is a large business for all but one code 517110, the JV partner has won contracts the last 3 years totaling over $161 million for exceeding $27.5 to be a Small Business concern.

A copy of the Defendant's February 15, 2016 electronic communication is attached hereto as Exhibit "A."

    (2)    <u>March 1, 2016</u>:

My problem with that is the company losing the GAO case is managed by the World War 2 Veteran's "son," the Veteran is in his 90's an [sic] resided in Florida. The VA CVE Office gave the firm a free pass sometime back on a status protest, in the decision it noted that the Veteran had given "his son the authority" to operate the business.

The firm winning the protest is questionable, I have information supporting that comment and if you were to read the SBA OHA it would confirm my belief the Veteran is a Rent-A-Vet.

Aren't lawyer's great!

A copy of the Defendant's March 1, 2016 (2:48 p.m.) electronic communication is attached hereto as Exhibit "B."

    (3)    <u>March 1, 2016</u>:

This is crazy both firms are misrepresenting themselves and you have lawyers charging big bucks supporting them . . . sick.

The reason is obvious it's because the Verification program is not managed properly.

The Veteran SB community needs corrective action, not with a new regulation but thinking outside the box, such as conducting unannounced site visits prior to verification.

A copy of the Defendant's March 1, 2016 (8:15 p.m.) electronic communication is attached hereto as Exhibit "C."

    (4)    May 16, 2016:

> The program keeps on giving $$$$$$$, when in this case the JV is misrepresenting themselves as a Small Business concern for the NAICS code 561730, & nobody gives a damn. (see SCAN 0205)
>
> On Sept 30 2015 the FAA awarded SDVOSB set aside contract DTFAWA 16-C-0006 Value $24,723,375,70 to a JV that one of the JV partners won contracts over the last 3 years valued at $160,755,906.00 and nobody does a damn thing. (see Competitive Range) FYI ...NAICS Code 561990 has a SB threshold of $11 million, the JV has on their VETBiz vendor page listed the NAICS Code 561990 as a SB concern. Besides this business that's approved as a SDVOSB FIRM (DUNS 079605504) SECOND one is approves DUNS 969949564 the JV partner is also verified but does not have the NAICS Code assigned.

A copy of the Defendant's May 16, 2016 electronic communication is attached hereto as Exhibit "D."

    24.    The Defendant's communications state that CRS has misrepresented its size and Service-Disabled Veteran-Owned status.

    25.    The statements, remarks and allegations set forth in paragraph 24 are false, defamatory and libelous.

    26.    The Defendant who made these statements, remarks and allegations did so maliciously and published such statements, remarks and allegations with the

intent to harm CRS, knowing that the statements and allegations were false and with reckless disregard for the truth.

27. In making such statements, remarks and allegations, the Defendant exposed CRS to public scorn and ridicule within the business community where CRS works causing damage to CRS's business reputation, good will and good standing causing harm to it.

## COUNT I
## DEFAMATION PER SE AND LIBEL

28. CRS incorporates by reference paragraphs 1 through 27, above, as fully set forth at length herein.

29. The Defendant, James Sechrist, spoke, wrote and issued statements as set forth in this Complaint that were scandalous, false and unsubstantiated with a purposeful and/or reckless disregard for the truth. The Defendant knew that the statements were false when he made them and he was motivated by ill will and malice.

30. The Defendant, James Sechrist, willfully, recklessly, deliberately and maliciously created and published statements for the purpose of harming CRS's reputation.

31. As a direct and proximate result of the Defendant's, James Sechrist, publication of these statements made to the public, CRS has suffered significant harm to its reputation and business.

32. The Defendant's, James Sechrist, actions in publishing the statements were done with actual malice and recklessness and constitute outrageous conduct which makes an award of punitive damages appropriate.

## COUNT II
## INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

33. CRS incorporates by reference paragraphs 1 through 32, above, as fully set forth at length herein.

34. The Defendant, James Sechrist, intentionally spoke, wrote and issued statements with the intent and purpose to harm the CRS's contractual relationship(s) with existing individual and business clients.

35. As a direct and proximate result of the Defendant's, James Sechrist, tortious interference with existing contractual relationships, CRS has suffered harm and substantial pecuniary loss.

36. The Defendant's, James Sechrist, intentional actions evidence conduct of an outrageous nature as to demonstrate intentional, willful, wanton and reckless conduct.

## COUNT III
## NEGLIGENT INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

37. CRS incorporates by reference paragraphs 1 through 36, above, as fully set forth at length herein.

38. The Defendant, James Sechrist, negligently spoke, wrote and issued statements with the intent and purpose to harm CRS's contractual relationship(s) with existing individual and business clients.

39. As a direct and proximate result of the Defendant's, James Sechrist, negligent interference with existing contractual relationships, CRS has suffered harm and substantial pecuniary loss.

40. The Defendant's, James Sechrist, negligent actions evidence conduct of an outrageous nature as to demonstrate intentional, willful, wanton and reckless conduct.

## COUNT IV

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

41. CRS incorporates by reference paragraphs 1 through 40, above, as fully set forth at length herein.

42. The Defendant, James Sechrist, spoke, wrote and issued statements with the intent and purpose to harm the CRS's prospective contractual relationship(s) with prospective individual and business clients.

43. As a direct and proximate result of the Defendant's, James Sechrist, tortious interference with prospective contractual relationships, CRS has suffered harm and substantial pecuniary loss.

44. The Defendant's, James Sechrist, intentional actions evidence conduct of an outrageous nature as to demonstrate intentional, willful, wanton and reckless conduct.

## COUNT V
## NEGLIGENT INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

45. The Plaintiff incorporates by reference paragraphs 1 through 44, above, as fully set forth at length herein.

46. The Defendant, James Sechrist, negligently spoke and issued statements with the intent and purpose to harm the CRS's contractual relationship(s) with prospective individual and business clients.

47. As a direct and proximate result of the Defendant's, James Sechrist, negligent interference with prospective contractual relationships, the CRS has suffered harm and substantial pecuniary loss.

48. The Defendant's, James Sechrist, negligent actions evidence conduct of an outrageous nature as to demonstrate intentional, willful, wanton and reckless conduct.

WHEREFORE, Competitive Range Solutions, LLC prays judgment as follows:

1. For compensatory damages against Defendant;

2. For punitive damages against Defendant;

3. For interest and costs;

4. For attorneys' fees;

5. For such other and further relief as the Court may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Competitive Range Solutions, LLC hereby demands a trial by jury.

RIDLEY, CHUFF, KOSIEROWSKI & SCANLON, P.C.

_____
JAMES J. SCANLON, ESQ.
Attorney I.D. No. 79557
400 Broad Street
Milford, PA  18337
(570) 296-5553
jscanlon@rckslaw.com

## RIDLEY, CHUFF, KOSIEROWSKI & SCANLON, P.C.

JAMES J. SCANLON, ESQ.
Attorney I.D. No. 79557
400 Broad Street
Milford, PA  18337
(570) 296-5553
jscanlon@rckslaw.com

## VERIFICATION

I, Noah Vasquez, state that I am the CEO of the Plaintiff company in this matter; that I have reviewed the Complaint; that the information contained therein are true and correct to the best of my knowledge, information and belief.  I understand that the statements contained herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

_Noah Vasquez_ (signature)

Noah Vasquez