# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPETITIVE RANGE SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAMES SECHRIST., <br><br> Defendant. | CIVIL ACTION NO. 3:16-cv-02496 <br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiff Competitive Range Solutions, LLC. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff commenced this action on December 19, 2016. Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 "because Competitive Range Solutions, LLC is a resident of a different state from James Sechrist and because the value of the amount in controversy exceeds $75,000." (Compl. ¶ 3.) The Complaint also alleges that "[t]he Defendant, James Sechrist, is an adult individual with a residential address at 205 West High Street, Milford, Pennsylvania 18337." (*Id.* ¶ 2) Furthermore, the Complaint asserts that "[t]he Plaintiff, Competitive Range Solutions, is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business located at 2405 N. Green Mount Rd., Suite 560, O'Fallon, Illinois 62269." (*Id.* ¶ 1.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.    Citizenship of Plaintiff Competitive Range Solutions, LLC**

The Complaint fails to adequately allege the citizenship of Plaintiff. For purposes of

diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The citizenship of an LLC's members depends on whether a member is a natural or artificial person. A natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A natural person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). A corporation (an artificial person) "is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419.

The Complaint alleges that Plaintiff Competitive Range Solutions, LLC is a citizen of Illinois by virtue of where it is incorporated and where it operates its principal place of business. This is not sufficient. As noted above, the citizenship of a limited liability company is determined by the citizenship of each of its members. To properly plead diversity jurisdiction, Plaintiff must allege the citizenship of each of its members in order to establish its citizenship. Because the Complaint contains no information about who the members of Competitive Range Solutions, LLC are or what their citizenship is, it is impossible for the Court to determine whether diversity jurisdiction exists. *See Maxim Crane Works, LP v. Smith Transp. Servs., Inc.*, No. 15-597, 2016 WL 757791, at *3 (W.D. Pa. Feb. 26, 2016).

**B.     Citizenship of Defendant Sechrist**

Plaintiff also fails to correctly plead the citizenship of Defendant Sechrist. As explained above, a natural person is a citizen of the state where he is domiciled. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly plead diversity jurisdiction, Plaintiff must allege Defendant's state of citizenship, not merely his state of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

| | |
|---|---|
| December 29, 2016 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |